48

**EN YU ZHENG, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.**

No. 07–1246–ag.

United States Court of Appeals,
Second Circuit.

Oct. 19, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Steven A. Mundie, Genie Moody, Baron, Mundie & Shelkin, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Acting Attorney General and Former Assistant Attorney General, Civil Division, Lisa M. Arnold, Senior Litigation Counsel, Eric W. Marsteller, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner En Yu Zheng, a native and citizen of China, seeks review of a February 28, 2007 order of the BIA affirming the August 24, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Zheng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zheng*, No. A 98 420 338 (B.I.A. Feb. 28, 2007), *aff'g* No. A 98 420 338 (Immig. Ct. N.Y. City Aug. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the decision of the IJ without opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as if it were that of the BIA. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). The Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We will vacate and remand for new findings, however, if the agency's reasoning or its factfinding process was sufficiently flawed or if the agency applied improper legal standards. *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). The agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal*, not factual, error." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

An applicant is eligible for asylum if she demonstrates that she has a well-founded fear of persecution on account of her religion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Chun Gao v. Gonzales*, 424 F.3d 122, 127 (2d Cir.2005). If she demonstrates that she has been subjected to past persecution, a well-founded fear of future persecution is presumed. 8 C.F.R. § 208.13(b)(1)(ii); *Chun Gao*, 424 F.3d at 128.

Zheng, who testified that she and her family are Christian and that she attended an underground church in China, maintains that she suffered persecution when: (1) she was expelled from school and denied an education for distributing Christian pamphlets and speaking about religion; (2) village officials repeatedly warned her not to distribute the pamphlets and stated that she would be punished if she did not desist; and (3) a neighbor threw a piece of brick at her back and a nearby cadre refused to help, noting that she "actually asked for trouble." (JA 106). She alleges that after her departure from China, her parents' home was stormed by neighbors who believed, on the advice of a Feng Shui master, that the house needed to be dismantled and rebuilt to avoid disasters to others in the neighborhood. Zheng testified that when her mother refused to

take down their house voluntarily, neighbors blamed her refusal on the family's Christian beliefs. They attempted to destroy the home and they beat her mother. According to Zheng, village officials provided no assistance. (JA 109–10).

■ The IJ erred in evaluating this evidence in two ways. First, the IJ failed to view Zheng's claims of past persecution in the aggregate, as this Court requires. *See Manzur*, 494 F.3d at 290; *Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005). In this case, the IJ credited Zheng's testimony that she had distributed pamphlets in China and concluded that "she was probably a Christian." (JA 38). Rather than thereafter considering the cadres' warnings and Zheng's expulsion from school cumulatively and in the context of Zheng's religious faith, however, the IJ viewed these incidents of alleged past mistreatment in isolation. Moreover, the IJ failed even to analyze the brick-throwing incident despite this Court's recognition that "private acts may be persecution if the government has proved unwilling to control such actions." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir.2006); *see also Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir.2006) (noting that "persecution can certainly be found when the government, although not itself conducting the persecution, is unable or unwilling to control it").

■ Second, the IJ erred in concluding that Zheng had not established a fear of future persecution based in major part on the ground that "[h]er parents do not seem to have any problems ... living-wise, on account of their religion." (JA 41). The IJ failed to consider whether the attack on Zheng's parents' house and Zheng's mother by her parents' neighbors was motivated by religious animus. *See Vumi v. Gonzales*, 502 F.3d 150, 157–59 (2d Cir.2007) (noting that an IJ must consider possible motives to determine if actions were intended to punish protected activity). Moreover, the IJ found that the storming of her parents' home "[did] not involve government officials" (JA 39) without evaluating evidence indicating that the Chinese government refused to assist Zheng's parents—evidence supporting Zheng's claim that the government was unable or unwilling to control the neighbors. The IJ further erred in failing to analyze how this incident might bear on Zheng's fear of future persecution given this Court's recognition that the persecution suffered by friends and family, in appropriate circumstances, is "relevant evidence of what might happen to [a petitioner]." *Poradisova*, 420 F.3d at 80.

Because we cannot confidently predict whether absent the IJ's errors, the BIA would adhere to its prior decision denying the petitioner's application for asylum and withholding, we GRANT the petition and VACATE the BIA's summary affirmance of the IJ's denial of these claims. Zheng did not challenge the IJ's denial of CAT relief to the BIA or to this Court. Accordingly, we deem this claim abandoned, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005), and we DENY Zheng's petition for review insofar as it pertains to her claim under the CAT. The case is REMANDED for further proceedings consistent with this order.